THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
JOHN B. SCARLETT, PLAINTIFF IN ERROR.

Argued July 5, 1917—Decided October 11, 1917.

On writ of error to the Supreme Court, in which the following *per curiam* was filed:

"The defendant was indicted and convicted for conspiracy, fraudulently and falsely to cheat and defraud the Roseville Trust Company. Of the defendants named, the indictment as to two was dismissed and a third defendant pleaded *non vult*. A general exception was taken to the judge's charge. Upon this exception error has been assigned upon the following portion of the charge, viz.: 'It is quite apparent, if you believe the evidence, that the intention of the defendant was to secure the money of the trust company and the intention of Smith was to help him, and that the money of the trust company was paid to the defendant on these checks and notes. It is also apparent, if you believe that evidence, that this money was gotten through an understanding between Smith and Scarlett. I say it is apparent, that is, if you believe the testimony before you. Motive is the reason which leads the mind to definite result. It is that which incites or stimulates a person to do an act, but a good motive does not prevent an act from being a crime, and one who conspires to commit an unlawful act is criminally liable for all the consequences which naturally flow from it, for the law presumes that a person intends the natural and probable consequence of his voluntary acts.'

" 'Smith's denial of an improper motive is not to govern your deliberations.' But this passage immediately follows, viz.: 'It is the function of the jury to determine what the parties intended, what their motives were, from what they did and said in furtherance of the alleged conspiracy, as disclosed by the evidence before you. In other words, you must say, after carefully weighing all of the evidence before you, whether

you are satisfied beyond a reasonable doubt that there was an unlawful conspiracy between Smith and Scarlett.'

"The criticism aimed at this portion of the charge is that it was error in reference to the question of motive, and in the interpretation of the evidence relating to motive, that the judge's charge in this respect usurped the functions of the jury. We fail to perceive an error in the charge of the trial judge in this respect.

"The second point argued is, that the trial judge erred in refusing to direct a verdict of acquittal for the defendant, because the state failed to prove any corrupt motive on the part of the defendant, as one of the alleged conspirators. There is no legal merit in this point, and it needs no discussion.

"Thirdly, it is further urged that the judge was in error in overruling certain questions put to the state's witnesses, Thompson and Smith, by the defendant's counsel, upon cross-examination, and also error in admitting in evidence four checks. These assignments of error are without merit.

"The judgment of the Court of Oyer and Terminer of Essex county is hereby affirmed."

For the defendant in error, *J. Henry Harrison,* prosecutor; *Wilbur A. Mott,* assistant prosecutor, and *John A. Bernhard.*

For the plaintiff in error, *McCarter & English.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, JJ.   9.

*For reversal*—None.